**FREEMAN MATHIS & GARY, LLP**
Fredrick A. Hagen (SBN 196220)
Fred.Hagen@fmglaw.com
Kayli E. Clifford (SBN 367414)
Kayli.Clifford@fmglaw.com
1850 Mt. Diablo Blvd., Suite 510
Walnut Creek, CA 94596
Tel: 925-466-3149

Attorneys for Defendant
Henry Kim Cho

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KOREA DEPOSIT INSURANCE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>HENRY KIM CHO,<br><br>Defendants. | Case No. 3:25-cv-08004-JCS<br><br>**DEFENDANT'S DISCOVERY LETTER; DECLARATION OF FREDRICK A. HAGEN**<br><br>*Assigned to Hon. Judge Jon S. Tigar*<br><br>*Complaint Filed: September 19, 2025*<br>*Trial Date: February 16, 2027* |

Defendant Henry Kim Cho respectfully submits this discovery letter concerning Plaintiff Korea Deposit Insurance Corporation's ("KDIC") ongoing refusal to provide substantive responses to pending written discovery and adjust the case schedule to allow time for substantive discovery responses and then to file a dispositive motion. Despite repeated requests, KDIC refused to supply a separate position section for this joint letter. Defendant therefore summarizes KDIC's position based on meet-and-confer correspondence and submits the accompanying Declaration of Fredrick A. Hagen ("Hagen Decl.") documenting the parties' communications.

/ / /

/ / /

/ / /

**DEFENDANT'S POSITION**

Mr. Cho served written discovery, including Interrogatories, Request for Admissions, and Requests for Production, on June 18, 2026. KDIC responded with objections on July 20 and indicated it would provide substantive responses after the Court rules on Defendant's Rule 56(d) and KDIC's summary judgment motions. KDIC initially stated no discovery is needed and until unilaterally noticing Mr. Cho's deposition for August 14. (Hagen Decl. ¶¶ 2–3.) The parties meet and conferred and defense counsel proposed KDIC produce substantive responses by August 28, followed by Mr. Cho's deposition in late September or early October. KDIC responded that the parties should address discovery after the Rule 56(d) and summary judgment motion rulings, to the extent discovery was then necessary. After rejecting KDIC's position, Defense counsel again proposed a further response date, deadline extensions, and coordinated deposition scheduling on August 15. (Hagen Decl. ¶¶ 6–8.)

Defense counsel then proposed the parties agree to a general 60-day extension to allow more time to determine the outcome of the pending motions. On August 20, Mr. Park expressly agreed to extend discovery deadlines and the dispositive-motion hearing deadline by 60 days. Defendant's counsel circulated the stipulation on August 24; Plaintiffs' counsel approved its substance on August 25 and transmitted a countersigned copy that day. (Hagen Decl. ¶¶ 9–12.) The new stipulated fact-discovery deadline was October 13, 2026.

Plaintiff did not agree to provide further substantive discovery responses. In response, Defendant's counsel circulated another proposed joint discovery letter and requested Plaintiff's contribution. Plaintiff maintained that substantive discovery depended on a favorable Rule 56(d) ruling and disputed the effect of the stipulation. On October 16 and 19, Defendant again requested either a reasonable commitment to provide substantive amended responses or a submittal for Plaintiffs' portion of the joint letter, explaining that an extension alone would not resolve Plaintiff's failure to provide substantive discovery responses. (Hagen Decl. ¶¶ 14–21.)

Defendant's position is that KDIC's obligation to serve discovery responses is independent of the pending Rule 56(d) motion and KDIC should be compelled to provide further substantive discovery responses, including the requested information and documents. KDIC's stated position is that the proposed discovery letter duplicates Defendant's Rule 56(d) request, that discovery should proceed only if the Court grants the Rule 56(d) motion, and that any further discovery requires an extension because the discovery deadlines expired given that the Court has not addressed the parties' stipulation extending case deadlines.

Mr. Cho's ability to oppose KDIC's motion for summary judgment, file his own motion for summary judgment, and marshal a defense will be severely prejudiced unless KDIC is compelled to provide substantive responses to Mr. Cho's written discovery, including the requested information and documents.

Defendant requests that the Court direct KDIC to serve complete, substantive responses and produce responsive documents by October 31, 2026. Defendant further requests the Court adjust the case deadlines to allow time for evaluation of those responses and potentially meet and confer regarding any deficiencies and then additional time to file a dispositive motion. (Hagen Decl. ¶¶ 18, 22–25.)

**RELIEF REQUESTED**

Defendant respectfully requests that the Court: (1) Direct KDIC to serve complete, substantive responses to Defendant's Interrogatories, Request for Admissions, and Requests for Production and promptly produce responsive documents without awaiting disposition of the pending motions; (2) approval of the parties' previously filed stipulation to extend case deadlines; and (3) modify the discovery and dispositive-motion deadlines.

Dated: October 20, 2026

**FREEMAN MATHIS & GARY, LLP**

By: ______________________
Fredrick A. Hagen
Attorneys for Defendant

Freeman Mathis & Gary, LLP
Attorneys at Law

**DECLARATION OF FREDRICK A. HAGEN**

I, Fredrick A. Hagen, declare:

1. I am an attorney duly licensed to practice before this Court and counsel of record for Defendant, Mr. Cho, in the above-captioned matter. I have personal knowledge of the matters set forth herein and, if called as a witness, could testify competently to the matters stated herein.

2. Defendant served KDIC written discovery, including Interrogatories, Request for Admissions, and Requests for Production, on June 18, 2026. On July 20, 2026, KDIC served objections and stated that it would not provide substantive responses until after the Court rules on the pending Rule 56(d) motion and KDIC's motion for summary judgment.

3. During the parties' subsequent meet-and-confer efforts, KDIC reaffirmed that position and advised that it would address discovery responses only after the Court resolves the pending dispositive-motion proceedings.

4. On July 13, 2026, Plaintiff's counsel, S. Nathan Park, stated that KDIC believed discovery beyond initial disclosures was unnecessary, but was serving written discovery to preserve its rights if the Court granted Defendant's pending Rule 56(d) motion. A true and correct copy of this correspondence is attached hereto as **Exhibit A.**

5. Mr. Park also requested Mr. Cho's availability for a deposition on August 14. On July 14, I responded that we would check Mr. Cho's availability. Mr. Park followed up on August 11. (Ex. A, pp. 8–10.)

6. On August 14, 2026, I acknowledged Plaintiff's notice setting Mr. Cho's deposition for August 28. I explained that defense counsel had a conflict and that August 28 fell after the then-existing discovery cutoff. To coordinate the remaining discovery, I proposed that KDIC provide substantive written discovery responses by August 28 and that Mr. Cho's deposition take place in the second half of September or early October, after Defendant had an opportunity to review those responses. I also

proposed a stipulation extending the necessary deadlines.

7. Mr. Park responded that the parties could discuss discovery responses and the deposition after the Court ruled on the pending summary judgment motion, to the extent discovery was necessary. (Ex. A, pp. 7–8.)

8. On August 15, 2026, I explained that Defendant needed KDIC's substantive discovery responses both to address KDIC's pending summary judgment motion and to evaluate and prepare Defendant's own dispositive motion and defenses. I requested agreement by August 17 on a reasonable response date for KDIC to produce substantive responses, corresponding deadline extensions, and a deposition date that would allow Defendant time to review the responses. (Ex. A, pp. 5–7.)

9. On August 17, Mr. Park disputed the need for discovery and again offered to extend deadlines until after the Court ruled on the pending Rule 56(d) and summary judgment motions. (*Id.*)

10. On August 19, in an attempt to resolve the impasse, I proposed a 60-day extension rather than an extension dependent on the timing of the Court's ruling.

11. On August 20, 2026, I also circulated a revised proposed joint discovery letter and requested Plaintiff's portion by August 21. I explained the reason for the joint discovery letter was that no stipulation extending deadlines had yet been executed or filed. In response, Mr. Park expressly agreed to a fixed 60-day extension of all discovery deadlines and the dispositive-motion hearing deadline and requested a draft stipulation. (Ex. A, pp. 3–4.)

12. On August 24, 2026, my colleague Kayli Clifford circulated the draft stipulation. On August 25, Mr. Park confirmed that its substance was acceptable and requested a signature block for Plaintiff's counsel. Later that day, Plaintiff's counsel Sarah Malik transmitted a countersigned copy. (Ex. A, pp. 3–4.)

13. The joint stipulation extended the fact-discovery deadline to October 13, 2026. The joint stipulation was filed with the Court.

14. As of October 13, Plaintiff had still not agreed to provide substantive

responses and the Court has not yet ruled on the pending motions. Thus, on October 14, 2026, Ms. Clifford circulated a proposed joint discovery letter and requested Plaintiff's position section or confirmation that the letter could be filed. A true and correct copy of this correspondence is attached hereto as **Exhibit B.**

15. Mr. Park responded that he understood the parties had agreed to continue deadlines until after adjudication of the pending motions. (Ex. B, pp. 6–8.)

16. Ms. Clifford disputed that account, explaining that Defendant had agreed to a fixed extension, not to postpone substantive discovery until a ruling. (Ex. B, pp. 6–8.)

17. On October 14, Mr. Park responded by proposing continuing deadlines until after a ruling on the pending motions and stated that KDIC would provide substantive discovery if the Court granted Defendant's Rule 56(d) motion.

18. Mr. Park also asserted that the Court had not approved the stipulation extending case deadlines and thus the original August 14 fact-discovery cutoff and October 16 dispositive-motion hearing deadline therefore remained in effect.

19. On October 16, 2026, Ms. Clifford advised that defense counsel was inquiring about the status of the submitted stipulation. She reiterated that Defendant needed substantive discovery responses to develop the record and pursue his own dispositive relief. She requested Plaintiff's section of the joint discovery letter by the end of Monday, October 19, and explained that, if Plaintiff did not provide a contribution, Defendant intended to submit the dispute without Plaintiff's section and describe the efforts to obtain it. (Ex. B, pp. 4–5.)

20. On October 19, 2026, Mr. Park responded without providing Plaintiff's position but instead argued that the proposed discovery letter sought relief already requested in Defendant's Rule 56(d) motion. Thus, Mr. Park maintained that discovery should proceed only if the Court granted that motion and would be unnecessary if the motion were denied. He also stated that Plaintiff would cross-move to compel Mr. Cho's deposition if Defendant moved to compel discovery. As an

Freeman Mathis & Gary, LLP
Attorneys at Law

alternative, he proposed extending all deadlines by 60 days or until disposition of the pending motions, whichever occurred earlier. He still did not provide Plaintiff's position section for inclusion in the joint letter. (Ex. B, p. 4.)

21. Later on October 19, Ms. Clifford requested either a commitment to serve substantive amended discovery responses within a reasonable time or Plaintiff's portion of the joint letter. She explained that another deadline extension would not, by itself, resolve the deficiencies in KDIC's responses. (Ex. B, p. 3.)

22. On October 20, 2026, at 1:42 p.m., Mr. Park reiterated his position that discovery was closed and Defendant had missed its dispositive-motion deadline unless the Court extended the schedule. He again proposed a 60-day extension, requested a date for Mr. Cho's deposition within that period, and offered to serve amended discovery responses by December 21, 2026, more than two months from now. Mr. Park's email again did not include Plaintiff's section of the joint discovery letter or resolve the disagreement over when KDIC would provide substantive responses within a reasonable time. Mr. Park's reply email was also sent after the October 19 deadline requested by defense counsel. (Ex. B, p. 2.)

23. At 4:28 p.m. on October 20, I explained that waiting until December 21—more than two months later—would impair Mr. Cho's ability to prepare his motion and marshal a defense. (*Id.*)

24. Plaintiff has not supplied a separate position section for the proposed joint discovery letter despite the requests made on August 20, October 14, October 16, and October 19. Plaintiff had, however, stated its objections by email: that Plaintiff's obligation to provide discovery depended on the Rule 56(d) ruling, that the proposed letter duplicated the relief requested in that motion, and that the deadlines for discovery and Mr. Cho's motion for summary judgment have lapsed. I have included those positions in this declaration and attached exhibits, so the Court has an account of both sides' communications.

25. Defendant seeks Plaintiff's substantive responses to Defendant's June

2026 written discovery, the court's approval of the stipulation to extend case deadlines, and a revised case schedule that would allow for Defendant's counsel to evaluate Plaintiff's substantive discovery responses and file a dispositive motion. (Exs. A–B.)

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on October 20, 2026, at Walnut Creek, California.

By: ______________________
FREDRICK A. HAGEN
Attorney for Defendant
Henry Kim Cho

# EXHIBIT A

**Kayli Clifford**

| | |
|---|---|
| **From:** | Kayli Clifford |
| **Sent:** | Friday, September 4, 2026 12:10 PM |
| **To:** | Fredrick A. Hagen |
| **Subject:** | Fw: 4:25-cv-08004-JST: Korea Deposit Insurance Corporation v. Henry Kim Cho |
| **Attachments:** | 2026.08.25 JOINT STIPULATION AND [PROPOSED] ORDER TO EXTEND DISCOVERY AND DISPOSITIVE MOTION DEADLINES BY 60 DAYS (1446872.1).docx |

Stipulation

**Kayli Clifford**
Attorney at Law
**Freeman Mathis & Gary, LLP**
**1850 Mt Diablo Blvd | Suite 510 | Walnut Creek, CA 94596**
**Tel: 925-435-1367 | Cell: 808-258-7916**
Email: Kayli.Clifford@fmglaw.com
www.fmglaw.com | See Where We Are

FMG LAW Freeman Mathis & Gary LLP When It Counts

Please read this important notice and confidentiality statement

---

**From:** Sarah Malik <smalik@kfc.law>
**Sent:** Tuesday, 25 August 2026 16:19:17
**To:** Kayli Clifford <Kayli.Clifford@fmglaw.com>; Fredrick A. Hagen <Fred.Hagen@fmglaw.com>
**Cc:** S. Nathan Park <npark@kfc.law>
**Subject:** RE: 4:25-cv-08004-JST: Korea Deposit Insurance Corporation v. Henry Kim Cho

ⓘ External email❯

Kayli,

Attached please find a counter-signed copy of the Joint Stipulation. Please note, we revised the footer to reflect the correct case number.

Thank you,
Sarah

Sarah Malik | Associate
Kibler Fowler & Cave LLP
11100 Santa Monica Blvd., Ste 600 | Los Angeles, CA 90025
t: (310) 409-4629 | e: smalik@kfc.law | www.kfc.law

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

---

**From:** Kayli Clifford <Kayli.Clifford@fmglaw.com>
**Sent:** Tuesday, August 25, 2026 11:37 AM
**To:** S. Nathan Park <npark@kfc.law>; Fredrick A. Hagen <Fred.Hagen@fmglaw.com>
**Cc:** Sarah Malik <smalik@kfc.law>
**Subject:** RE: 4:25-cv-08004-JST: Korea Deposit Insurance Corporation v. Henry Kim Cho

[External]
Hello Nathan,

We left the signature block blank so that you could provide it based on your preference and with your signature. Please send a version of the word doc with the said information. Thank you.

Best regards,

**Kayli Clifford**
Attorney at Law
**Freeman Mathis & Gary, LLP**
**1850 Mt Diablo Blvd | Suite 510 | Walnut Creek, CA 94596**
**Tel: 925-435-1367 | Cell: 808-258-7916**
Email: Kayli.Clifford@fmglaw.com
www.fmglaw.com | See Where We Are

Please read this important notice and confidentiality statement

---

**From:** S. Nathan Park <npark@kfc.law>
**Sent:** Tuesday, August 25, 2026 10:47 AM
**To:** Kayli Clifford <Kayli.Clifford@fmglaw.com>; Fredrick A. Hagen <Fred.Hagen@fmglaw.com>
**Cc:** Sarah Malik <smalik@kfc.law>
**Subject:** RE: 4:25-cv-08004-JST: Korea Deposit Insurance Corporation v. Henry Kim Cho

Hello Kayli,

The substance seems fine, but the form will need a signature block for plaintiff's counsel as well. Please revise and re-circulate, thank you.

S. Nathan Park | Partner | KF & C
t: (917) 909-6332 | c: (917) 796-6144 | e: npark@kfc.law | www.kfc.law

---

**From:** Kayli Clifford <Kayli.Clifford@fmglaw.com>
**Sent:** Monday, August 24, 2026 6:58 PM

**To:** S. Nathan Park <npark@kfc.law>; Fredrick A. Hagen <Fred.Hagen@fmglaw.com>
**Cc:** Sarah Malik <smalik@kfc.law>
**Subject:** RE: 4:25-cv-08004-JST: Korea Deposit Insurance Corporation v. Henry Kim Cho

[External]
Counsel,

Please see attached the draft joint stipulation and proposed order. Let us know if you would like to make any revisions or have questions.

Best regards,

**Kayli Clifford**
Attorney at Law
**Freeman Mathis & Gary, LLP**
**1850 Mt Diablo Blvd | Suite 510 | Walnut Creek, CA 94596**
**Tel: 925-435-1367 | Cell: 808-258-7916**
Email: Kayli.Clifford@fmglaw.com
www.fmglaw.com | See Where We Are

FMG LAW Freeman Mathis & Gary LLP When It Counts

Please read this important notice and confidentiality statement

---

**From:** S. Nathan Park <npark@kfc.law>
**Sent:** Thursday, August 20, 2026 5:32 PM
**To:** Fredrick A. Hagen <Fred.Hagen@fmglaw.com>
**Cc:** Sarah Malik <smalik@kfc.law>; Kayli Clifford <Kayli.Clifford@fmglaw.com>
**Subject:** RE: 4:25-cv-08004-JST: Korea Deposit Insurance Corporation v. Henry Kim Cho

Hello Fred,

Your email yesterday arrived well past the business hours, and today I've been on a cross-continental flight that was delayed three hours because of the weather.

Plaintiff agrees to extend all discovery deadlines, including deadline for dispositive motion hearing, by 60 days. Please prepare a draft stipulation, thank you.

S. Nathan Park | Partner | KF & C
t: (917) 909-6332 | c: (917) 796-6144 | e: npark@kfc.law | www.kfc.law

---

**From:** Fredrick A. Hagen <Fred.Hagen@fmglaw.com>
**Sent:** Thursday, August 20, 2026 7:54 PM
**To:** S. Nathan Park <npark@kfc.law>

**Cc:** Sarah Malik <smalik@kfc.law>; Kayli Clifford <Kayli.Clifford@fmglaw.com>
**Subject:** RE: 4:25-cv-08004-JST: Korea Deposit Insurance Corporation v. Henry Kim Cho

[External]
Nathan,

We wrote you earlier regarding your offer to extend discovery and dispositive motion deadlines along with a joint proposed statement regarding Plaintiff's objection-only response to Defendant's written discovery. Given your lack of response to our acceptance of your offer to extend discovery and dispositive motion deadlines, we need to move forward with obtaining substantive responses to Defendant's written discovery.

As you know, Defendant has requested that Plaintiff supplement its deficient discovery responses and has sought to meet and confer regarding those deficiencies. To date, Plaintiff has declined to meet and confer regarding the merits regarding Defendant's concerns. In addition, while we appreciate and have accepted your offer to extend discovery and dispositive motion deadlines, no stipulation has been executed or approved by the Court.

Because the Court's current discovery deadlines remain in effect, Defendant must preserve its right to seek relief concerning Plaintiff's discovery responses within those deadlines. We had anticipated that the parties would reach agreement regarding the proposed extension so have not pressed the issue. However, absent a fully executed stipulation and Court approval, we cannot assume the existing deadlines will be modified.

Accordingly, we are providing the enclosed revised draft Joint Discovery Letter under Judge Tigar's Standing Order. Judge Tigar's Standing Order requires that, if the parties are unable to resolve a discovery dispute through the meet-and-confer process, they submit a joint discovery letter identifying each disputed issue before seeking court intervention.

Please provide Plaintiff's portion of the joint letter, including Plaintiff's position on the disputed issues, no later than tomorrow, August 21, 2026. Given the impending discovery deadlines and the fact that the proposed extension has not yet been finalized, Defendant must proceed diligently to preserve its rights.

If Plaintiff declines to participate in the preparation of the joint submission, Defendant will have no choice but to seek leave from the Court to submit a unilateral discovery letter and will advise the Court of its efforts to comply with Judge Tigar's procedures and obtain Plaintiff's participation.

We remain available to discuss the issues and would prefer to resolve the dispute without court intervention if possible.

Thanks,

Fred

**Fredrick A. Hagen**
Partner
**Freeman Mathis & Gary, LLP**
**1850 Mt Diablo Blvd | Suite 510 | Walnut Creek, CA 94596**
**Tel: 925-644-0887 | Cell: 925-963-6796**

Email: Fred.Hagen@fmglaw.com
www.fmglaw.com | Bio | See Where We Are

FMG LAW Freeman Mathis & Gary LLP When It Counts

Please read this important notice and confidentiality statement

---

**From:** Fredrick A. Hagen <Fred.Hagen@fmglaw.com>
**Sent:** Wednesday, August 19, 2026 7:30 PM
**To:** S. Nathan Park <npark@kfc.law>
**Cc:** Sarah Malik <smalik@kfc.law>; Kayli Clifford <Kayli.Clifford@fmglaw.com>
**Subject:** RE: 4:25-cv-08004-JST: Korea Deposit Insurance Corporation v. Henry Kim Cho

Nathan,

We agree to your proposal to extend discovery deadlines and the dispositive motion deadline. Rather than tie the extension to the judge's ruling on the pending motions why don't we agree to extend the current discovery and dispositive motion deadlines 60 days.

Fred

**From:** S. Nathan Park <npark@kfc.law>
**Sent:** Monday, August 17, 2026 12:33 PM
**To:** Fredrick A. Hagen <Fred.Hagen@fmglaw.com>
**Cc:** Sarah Malik <smalik@kfc.law>; Kayli Clifford <Kayli.Clifford@fmglaw.com>
**Subject:** RE: 4:25-cv-08004-JST: Korea Deposit Insurance Corporation v. Henry Kim Cho

Hello Fred,

Your email makes no sense. A party gets only one opposition at a time. Since Defendant already filed his opposition (ahead of schedule, in fact, even before the Court ruled on Defendant's so-called "administrative order"), Defendant does not need any further discovery for the purpose of filing an opposition to Plaintiff's summary judgment motion.

Nor is it true that Defendant cannot file his own summary judgment without Plaintiff's discovery responses. KDIC is not some kind of a document library for Defendant. Mr. Cho had millions of dollars in potential liabilities; it makes no sense that he did not keep even a single piece of document concerning those liabilities.

At any rate, Plaintiff is likely to renew its motion for summary judgment following discovery, if the Court should deny the summary judgment motion at this stage. Accordingly, Plaintiff is willing to stipulate to extend discovery deadlines, as well as the deadline for Defendant to file his summary judgment motion, until after the Court rules on the summary judgment motion.

S. Nathan Park | Partner | KF & C

t: (917) 909-6332 | c: (917) 796-6144 | e: npark@kfc.law | www.kfc.law

**From:** Fredrick A. Hagen <Fred.Hagen@fmglaw.com>
**Sent:** Saturday, August 15, 2026 4:44 PM
**To:** S. Nathan Park <npark@kfc.law>
**Cc:** Sarah Malik <smalik@kfc.law>; Kayli Clifford <Kayli.Clifford@fmglaw.com>
**Subject:** RE: 4:25-cv-08004-JST: Korea Deposit Insurance Corporation v. Henry Kim Cho

[External]
Nathan,

As you know, we have no other way to obtain evidence for our summary judgment motion but through the written discovery served on KDIC. Defendant also needs KDIC's substantive discovery responses in order to prepare and file a fulsome opposition to KDIC's pending motion for summary judgment. KDIC cannot reasonably contend that Defendant wait until the Court rules on KDIC's motion for summary judgment while withholding discovery directly relevant to the claims and defenses at issue. Even if that were a reasonable position, we have no way to know whether the Court will rule on KDIC's motion for summary judgment in time for Defendant to evaluate the responses and prepare its motion for summary judgment before the dispositive motion deadline.

Your proposal also ignores the practical reality of where this case currently stands. The Court is unlikely to rule on Defendant's Rule 56(d) motion in a vacuum while the merits of the case and the parties' summary judgment positions remain undeveloped. As a practical matter, the Court is far more likely to address KDIC's motion for summary judgment after Defendant files a motion for summary judgment or Defendant's deadline to file a motion for summary judgment has passed. Under your approach, Defendant would be forced to wait for a ruling before obtaining discovery, while the Court may not reach that ruling until after Defendant's deadline to file its motion for summary judgment. That creates a procedural catch-22 in which Defendant is denied access to the very discovery necessary to prepare the motion that may be required before the Court acts.

Your ongoing refusal to provide discovery also prevents Defendant from fully opposing KDIC's summary judgment motion. Rule 56(d) exists to prevent precisely that result. In any case, KDIC should not be permitted to withhold discovery that is necessary for Defendant to present its case while simultaneously insisting that Defendant wait indefinitely for a ruling that may not occur until after summary judgment issues are before the Court.

You are aware of KDIC's overdue discovery responses are necessary for Mr. Cho's defense. Your self-serving position withholding discovery until the KDIC summary judgment ruling would block Mr. Cho from obtaining evidence to oppose KDIC's summary motion and to file his own motion for summary judgment within the deadline to file a motion for summary judgment, which is now only weeks away.

This is not the type of discovery dispute that would typically require guidance from the Court, given KDIC's obvious violation of various discovery obligations, so I would like to avoid presenting this issue to the Court if possible.

Please let me know by **end of day** on **August 17, 2026**, whether KDIC is willing to provide substantive responses to Mr. Cho's written discovery and address the following:

1. Schedule a reasonable date to provide substantive responses to Defendant's first set of written discovery;
2. Extend the applicable discovery deadlines as necessary to accommodate those responses and any resulting discovery; and
3. Schedule Mr. Cho's deposition for a date after Defendant has an opportunity to review KDIC's substantive discovery responses.

Absent agreement, Defendant will have no choice but to seek appropriate relief from the Court regarding KDIC's ongoing refusal to provide discovery and the resulting prejudice to Mr. Cho.

Thanks,

Fred

**Fredrick A. Hagen**
Partner
**Freeman Mathis & Gary, LLP**
**1850 Mt Diablo Blvd | Suite 510 | Walnut Creek, CA 94596**
**Tel: 925-644-0887 | Cell: 925-963-6796**
Email: Fred.Hagen@fmglaw.com
www.fmglaw.com | Bio | See Where We Are

FMG LAW Freeman Mathis & Gary LLP When It Counts

Please read this important notice and confidentiality statement

**From:** S. Nathan Park <npark@kfc.law>
**Sent:** Friday, August 14, 2026 3:15 PM
**To:** Fredrick A. Hagen <Fred.Hagen@fmglaw.com>
**Cc:** Sarah Malik <smalik@kfc.law>; Kayli Clifford <Kayli.Clifford@fmglaw.com>
**Subject:** RE: 4:25-cv-08004-JST: Korea Deposit Insurance Corporation v. Henry Kim Cho

Hello Fred,

We are amenable to a stipulation to extend discovery deadlines until after the Court rules on the summary judgment motion. As you noted, Plaintiff had to serve the notice of deposition to preserve its right. We can discuss the schedules for Plaintiff's discovery responses and Defendant's deposition after the Court rules on the summary judgment motion, to the extent they become necessary.

Please let us know Defendant agrees, and we will circulate a proposed stipulation. Thank you.

S. Nathan Park | Partner | KF & C
t: (917) 909-6332 | c: (917) 796-6144 | e: npark@kfc.law | www.kfc.law

**From:** Fredrick A. Hagen <Fred.Hagen@fmglaw.com>
**Sent:** Friday, August 14, 2026 12:29 AM

**To:** S. Nathan Park <npark@kfc.law>
**Cc:** Sarah Malik <smalik@kfc.law>; Kayli Clifford <Kayli.Clifford@fmglaw.com>
**Subject:** RE: 4:25-cv-08004-JST: Korea Deposit Insurance Corporation v. Henry Kim Cho

[External]
Nathan,

Sorry for the delay in getting back to you. I see that you felt the need to serve a deposition notice for Mr. Cho, which is understandable. However, as you know, that date, August 28, is beyond the discovery cut off and we have a conflict. More important, KDIC has not provided substantive responses to Mr. Cho's written discovery. You instead promised to provide further substantive responses after the Court issues a ruling on our Rule 56(d) motion. We were hoping to have your further responses by now so we could schedule Mr. Cho's deposition.

Given that we have no indication when the Court will rule on our Rule 56(d) motion, let's agree to a schedule for KDIC to provide substantive responses to our written discovery and a date thereafter for Mr. Cho's deposition. Mr. Cho would prefer to have his deposition taken in our office in Walnut Creek. We have available conference rooms. If that is agreeable, you are welcome to attend in person or remotely by videoconferencing, whichever you prefer.

For example, I propose KDIC provide further substantive responses by August 28. We can schedule Mr. Cho's deposition for the second half of September or early October.

Should you agree, we would need to enter a stipulation to extend certain discovery deadlines.

Let me know if you think we can reach an agreement along these lines.

Thanks,

Fred

**Fredrick A. Hagen**
Partner
**Freeman Mathis & Gary, LLP**
**1850 Mt Diablo Blvd | Suite 510 | Walnut Creek, CA 94596**
**Tel: 925-644-0887 | Cell: 925-963-6796**
Email: Fred.Hagen@fmglaw.com
www.fmglaw.com | Bio | See Where We Are

Please read this important notice and confidentiality statement

**From:** S. Nathan Park <npark@kfc.law>
**Sent:** Tuesday, August 11, 2026 1:38 PM
**To:** Fredrick A. Hagen <Fred.Hagen@fmglaw.com>
**Cc:** Sarah Malik <smalik@kfc.law>
**Subject:** RE: 4:25-cv-08004-JST: Korea Deposit Insurance Corporation v. Henry Kim Cho

Hello Fred,

I don't believe I heard back from you. I apologize if I missed any communication. Please inform Mr. Cho's availability for deposition. Thank you.

S. Nathan Park | Partner | KF & C
t: (917) 909-6332 | c: (917) 796-6144 | e: npark@kfc.law | www.kfc.law

**From:** Fredrick A. Hagen <Fred.Hagen@fmglaw.com>
**Sent:** Tuesday, July 14, 2026 1:42 AM
**To:** S. Nathan Park <npark@kfc.law>; Sarah Chao <schao@kfc.law>; S. Michael Lee <Michael.Lee@fmglaw.com>
**Cc:** Sarah Malik <smalik@kfc.law>
**Subject:** RE: 4:25-cv-08004-JST: Korea Deposit Insurance Corporation v. Henry Kim Cho

[External]
Nathan,

We will check on availability and get back to you shortly.

Thanks,

Fred

**Fredrick A. Hagen**
Partner
**Freeman Mathis & Gary, LLP**
**1850 Mt Diablo Blvd | Suite 510 | Walnut Creek, CA 94596**
**Tel: 925-644-0887 | Cell: 925-963-6796**
Email: Fred.Hagen@fmglaw.com
www.fmglaw.com | Bio | See Where We Are

FMG LAW Freeman Mathis & Gary LLP When It Counts

Please read this important notice and confidentiality statement

**From:** S. Nathan Park <npark@kfc.law>
**Sent:** Monday, July 13, 2026 3:15 PM
**To:** Sarah Chao <schao@kfc.law>; Fredrick A. Hagen <Fred.Hagen@fmglaw.com>; S. Michael Lee <Michael.Lee@fmglaw.com>
**Cc:** Sarah Malik <smalik@kfc.law>
**Subject:** RE: 4:25-cv-08004-JST: Korea Deposit Insurance Corporation v. Henry Kim Cho

Fred, Michael:

While Plaintiff continues to believe that no discovery is necessary beyond the initial disclosures, Plaintiff is serving these requests to preserve its right for discovery, should the Court grant Defendant's Rule 56(d) motion. These discovery requests are without prejudice to Plaintiff's opposition to Defendant's Rule 56(d) motion.

Plaintiff is also planning to serve a notice of deposition to Mr. Cho. Please confirm that Mr. Cho is available for an in-person deposition on August 14, 2026. We would be happy to travel to a location convenient for Mr. Cho.

S. Nathan Park | Partner | KF & C
t: (917) 909-6332 | c: (917) 796-6144 | e: npark@kfc.law | www.kfc.law

**From:** Sarah Chao <schao@kfc.law>
**Sent:** Monday, July 13, 2026 6:07 PM
**To:** Fred.Hagen@fmglaw.com; Michael.Lee@fmglaw.com
**Cc:** S. Nathan Park <npark@kfc.law>; Sarah Malik <smalik@kfc.law>
**Subject:** 4:25-cv-08004-JST: Korea Deposit Insurance Corporation v. Henry Kim Cho

Good afternoon,

Please find attached Plaintiff's First Set of Requests for Admission, Requests for Production, and Interrogatories to Defendant Henry Kim Cho, in connection with the above-referenced matter.

Best,

Sarah Chao | Litigation Paralegal
Kibler Fowler & Cave LLP
270 Madison Avenue, Suite 1410 | New York, NY 10016
t: (917) 909-6313 | e: schao@kfc.law | www.kfc.law

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

# EXHIBIT B

**Kayli Clifford**

| | |
|---|---|
| **From:** | Fredrick A. Hagen |
| **Sent:** | Tuesday, October 20, 2026 4:28 PM |
| **To:** | S. Nathan Park; Kayli Clifford; Sarah Malik |
| **Cc:** | Emily F. Cabral |
| **Subject:** | RE: Joint Discovery Letter Submission Pursuant to Judge Tigar's Standing Order |

Nathan,

We need to obtain guidance from the Court regarding your unilateral stay on discovery from Plaintiff. We have not rejected your proposal for a 60-day extension of all deadlines. We have indicated that your proposal does not address our issue—Plaintiff's refusal to provide the information and documents requested in Mr. Cho's written discovery. Your attempt to link Plaintiff's obligation to respond to discovery to our Rule 56(d) motion makes no sense. Our Rule 56(d) motion seeks to allow more time to oppose your premature motion for summary judgment. It has nothing to do with Plaintiff's obligation to respond to discovery. You are free to seek a protective order if you believe a stay of Plaintiff's discovery obligations is necessary.

Your last-minute proposal to provide further responses by December 21—more than two months from now—would severely prejudice Mr. Cho's ability to support his own summary judgment motion and fairly marshal a defense. Recall my original proposal was to agree to a briefing schedule for cross motions for summary judgment that would allow time for Mr. Cho to obtain basic discovery to oppose your motion and support our motion. You rejected that proposal, unilaterally claiming that no discovery was necessary.

Given your recent statement that Mr. Cho's deadline to file a dispositive has lapsed, we need the Court's assistance, not only to obtain the requested information and documents, but to establish reasonable dispositive motion and other deadlines in anticipation of obtaining Plaintiff's further discovery responses. While we are willing to continue to discuss the matter, we understand that today is the last day to raise this issue with the Court under Local Rule 37-3 under our current stipulated deadlines.

Thanks,

Fred

**Fredrick A. Hagen**
Partner
**Freeman Mathis & Gary, LLP**
**1850 Mt Diablo Blvd | Suite 510 | Walnut Creek, CA 94596**
**Tel: 925-644-0887 | Cell: 925-963-6796**
Email: Fred.Hagen@fmglaw.com
www.fmglaw.com | Bio | See Where We Are

FMG LAW Freeman Mathis & Gary LLP When It Counts

Please read this important notice and confidentiality statement

**From:** S. Nathan Park <npark@kfc.law>
**Sent:** Tuesday, October 20, 2026 1:42 PM
**To:** Kayli Clifford <Kayli.Clifford@fmglaw.com>; Sarah Malik <smalik@kfc.law>
**Cc:** Fredrick A. Hagen <Fred.Hagen@fmglaw.com>; Emily F. Cabral <Emily.Cabral@fmglaw.com>
**Subject:** RE: Joint Discovery Letter Submission Pursuant to Judge Tigar's Standing Order

Hello Kayli,

Your argument is backwards. You didn't respond to my point about the Rule 56(d) motion, because you have no answer for it. If the Court grants Defendant's Rule 56(d) motion, Plaintiff will happily comply and proceed with discovery. You cannot give any reason why that is inadequate, because there is no such reason. In fact, Defendant's entire argument in the proposed Joint Discovery Letter is nothing but a re-hash of his Rule 56(d) motion. The only waste of time here is Defendant's improper attempt for a second bite of the apple at his Rule 56(d) motion.

To be clear, unless and until the Court orders extensions of deadlines for discovery and dispositive motions, discovery is closed and Defendant missed the deadline for filing the dispositive motion. But even in the face of Defendant's relentless litigation gamesmanship, Plaintiff wishes to conduct this action fairly and give Defendant the chance to conduct discovery, if the Court deems discovery necessary.

To that end, we believe that a 60-day extension for all deadlines is appropriate. You have rejected this, apparently because Defendant does not want to wait "indefinitely." As we discussed, that stance is incorrect—nobody is waiting indefinitely. Nevertheless, in the interest of avoiding motion practice, Plaintiff suggests that Defendant propose and set a time and date for Mr. Cho's deposition within the next 60 days, and Plaintiff will serve amended discovery responses by December 21.

S. Nathan Park | Partner | KF & C
t: (917) 909-6332 | c: (917) 796-6144 | e: npark@kfc.law | www.kfc.law

**From:** Kayli Clifford <Kayli.Clifford@fmglaw.com>
**Sent:** Monday, October 19, 2026 7:22 PM
**To:** S. Nathan Park <npark@kfc.law>; Sarah Malik <smalik@kfc.law>
**Cc:** Fredrick A. Hagen <Fred.Hagen@fmglaw.com>; Emily F. Cabral <Emily.Cabral@fmglaw.com>
**Subject:** RE: Joint Discovery Letter Submission Pursuant to Judge Tigar's Standing Order

[External]
Nathan,

Whether or not the parties stipulate to continue current discovery deadlines agreed upon by both parties, Plaintiff's discovery responses remain deficient and that issue still must be resolved. At this point, there are only two paths forward: either Plaintiff agrees to serve amended responses that provide the substantive information requested, or Plaintiff provides his position for inclusion in a joint discovery letter so that the Court can decide the dispute.

Neither party has the ability to predict when the Court will rule on the pending motions, and continuing to defer discovery in anticipation of an unknown ruling only wastes the parties' and the Court's time. We have been attempting to resolve these deficiencies for months through meet-and-confer efforts and have repeatedly explained the basis for the requested amendments. If Plaintiff is willing to serve amended responses within a reasonable timeframe, there is no need for court intervention. If Plaintiff is unwilling to do so, then we will proceed with submitting the discovery dispute to Judge Tigar. The only question is whether Plaintiff will provide his portion of the joint letter for the Court's consideration. We need to move forward with obtaining the discovery responses that are necessary for this case.

With regards to the other issues you have raised, we disagree with your characterization of Defendant's communication as an *ex parte* communication. The email was a status inquiry regarding the joint stipulation that was reviewed and signed by your office before submission to the Court. It did not seek substantive relief, address the merits of any dispute, or request any action beyond an update regarding the status of the parties' jointly submitted stipulation. In any case, when you raised concerns regarding *ex parte* communications, we promptly cc'd you in the email to the clerk to resolve any questions about our inquiry.

Regarding the deposition of Mr. Cho, Plaintiff ultimately agreed that the deposition should be rescheduled in connection with the parties' efforts to extend the discovery schedule. Having agreed to that course of action, Plaintiff cannot now attempt to rewrite the record and place responsibility on Defendant for the fact that Mr. Cho's deposition did not proceed on the originally noticed date. To the extent Plaintiff elected not to notice its own deposition or otherwise pursue discovery within the agreed schedule, those were strategic and procedural decisions made by Plaintiff. Defendant is not responsible for Plaintiff's litigation choices. The correspondence speaks for itself.

At this stage, we would prefer to resolve the discovery issues without Court intervention, but we are not willing to continue delaying their resolution indefinitely. If Plaintiff intends to supplement its responses, please confirm when amended responses will be served. Otherwise, please provide Plaintiff's portion of the joint discovery letter so that the dispute may be presented to Judge Tigar for resolution. Either way, Defendant intends to move forward promptly with obtaining the discovery responses necessary for the fair and efficient litigation of this matter.

Best regards,

**Kayli Clifford**
Attorney at Law
**Freeman Mathis & Gary, LLP**
**1850 Mt Diablo Blvd | Suite 510 | Walnut Creek, CA 94596**
**Tel: 925-435-1367 | Cell: 808-258-7916**
Email: Kayli.Clifford@fmglaw.com
www.fmglaw.com | See Where We Are

FMG LAW Freeman Mathis & Gary LLP When It Counts

Please read this important notice and confidentiality statement

**From:** S. Nathan Park <npark@kfc.law>
**Sent:** Monday, October 19, 2026 8:16 AM
**To:** Kayli Clifford <Kayli.Clifford@fmglaw.com>; Sarah Malik <smalik@kfc.law>
**Cc:** Fredrick A. Hagen <Fred.Hagen@fmglaw.com>; Emily F. Cabral <Emily.Cabral@fmglaw.com>
**Subject:** RE: Joint Discovery Letter Submission Pursuant to Judge Tigar's Standing Order

Hello Kayli,

You sent an *ex parte* communication to the Court. I am losing count on how many sanctionable conducts you and your firm have engaged in this action. At any rate, as I conveyed to the Court, the parties' stipulation is moot at this point.

Defendant's demand is an end-around attempt to win its Rule 56(d) motion without carrying the burden for the motion. You are wrong to say discovery responses will be delayed "indefinitely." The point of Rule 56(d) motion is for Defendant to prove the necessity for discovery. If the Court finds that Defendant carried his burden, there will be discovery, and Plaintiff will be happy to comply. But if the Court should find that Defendant did not carry his burden, there is no need for discovery.

I will further note that Plaintiff is not the only party that may be subject to discovery. Plaintiff served a deposition notice to Mr. Cho, but you have not offered any date for Mr. Cho's deposition. At a minimum, Defendant should offer to satisfy its own discovery obligations before demanding Plaintiff's acquiescence. Should Defendant move to compel discovery, Plaintiff will cross-move to compel the immediate deposition of Mr. Cho.

The MSJ and Rule 56(d) motion have been under submission since July 30—nearly three months ago. The disposition is likely to happen in the near future. We suggest parties submit a new stipulation to extend all deadlines by another 60 days, or the Court's disposition of the pending motions, whichever is earlier.

Plaintiff reserves all rights and waives none.

S. Nathan Park | Partner | KF & C
t: (917) 909-6332 | c: (917) 796-6144 | e: npark@kfc.law | www.kfc.law

---

**From:** Kayli Clifford <Kayli.Clifford@fmglaw.com>
**Sent:** Friday, October 16, 2026 10:26 PM
**To:** S. Nathan Park <npark@kfc.law>; Sarah Malik <smalik@kfc.law>
**Cc:** Fredrick A. Hagen <Fred.Hagen@fmglaw.com>; Emily F. Cabral <Emily.Cabral@fmglaw.com>
**Subject:** Re: Joint Discovery Letter Submission Pursuant to Judge Tigar's Standing Order

[External]
Nathan,

We are inquiring with the Court regarding the status of the parties' stipulation and proposed order. In the meantime, however, Defendant cannot continue delaying discovery based on Plaintiff's position that the parties should simply wait in the hope that the Court rules on the pending motions in Plaintiff's preferred manner.

The parties previously agreed to extend all discovery deadlines, including the dispositive motion hearing deadline, by 60 days, and your office subsequently confirmed that the substance of the stipulation was acceptable. The stipulation did not provide that discovery would be stayed pending resolution of Plaintiff's summary judgment motion or Defendant's Rule 56(d) motion. Rather, as we previously explained, the agreed extension contemplated that discovery would proceed during the extended period.

We therefore do not agree that the appropriate course is to continue postponing substantive discovery while awaiting a ruling from the Court. Defendant needs Plaintiff's actual substantive discovery responses to develop the record and pursue Defendant's own dispositive relief. Defendant previously explained these concerns, including the procedural problem created by withholding the very discovery Defendant contends it needs for the summary judgment proceedings.

At this point, Plaintiff's continued refusal to provide substantive discovery responses unless and until the Court first grants Defendant's Rule 56(d) motion is impeding, rather than facilitating, the orderly discovery and judicial process. Defendant cannot agree to further delay on that basis.

Accordingly, please provide Plaintiff's position for inclusion in the joint discovery letter **by the end of the day Monday, October 19**. If Plaintiff elects not to provide its position by that deadline, Defendant intends to proceed with filing the discovery letter without Plaintiff's position and will explain the parties' respective positions and Defendant's efforts to obtain Plaintiff's participation.

We remain willing to resolve the discovery dispute without Court intervention, but we cannot continue to defer obtaining substantive discovery responses indefinitely.

Best regards,

Kayli Clifford

**Kayli Clifford**
Attorney at Law
**Freeman Mathis & Gary, LLP**
**1850 Mt Diablo Blvd | Suite 510 | Walnut Creek, CA 94596**
**Tel: 925-435-1367 | Cell: 808-258-7916**
Email: Kayli.Clifford@fmglaw.com
www.fmglaw.com | See Where We Are

FMG LAW Freeman Mathis & Gary LLP When It Counts

Please read this important notice and confidentiality statement

---

**From:** S. Nathan Park <npark@kfc.law>
**Sent:** Wednesday, 14 October 2026 15:15:57
**To:** Kayli Clifford <Kayli.Clifford@fmglaw.com>; Sarah Malik <smalik@kfc.law>
**Cc:** Fredrick A. Hagen <Fred.Hagen@fmglaw.com>; Emily F. Cabral <Emily.Cabral@fmglaw.com>
**Subject:** RE: Joint Discovery Letter Submission Pursuant to Judge Tigar's Standing Order

Hello Kayli,

The Court did not so-order the stipulation. Accordingly, it currently has no effect. Under the scheduling order currently in effect, fact discovery cut-off was August 14, and and Defendant missed the deadline to file its dispositive motion as the dispositive motion hearing deadline is October 16, or this Friday. Any contemplated motion to compel would fail for this reason alone.

Rather than going through a futile motion practice, Plaintiff suggests continuing the discovery deadline and the deadline for dispositive motion hearing to until after the Court's ruling on Plaintiff's MSJ and Defendant's Rule 56(d) motion. As Plaintiff said repeatedly, it stands ready to provide substantive responses to discovery requests if the Court should find that discovery is necessary by granting the Rule 56(d) motion.

S. Nathan Park | Partner | KF & C
t: (917) 909-6332 | c: (917) 796-6144 | e: npark@kfc.law | www.kfc.law

---

**From:** Kayli Clifford <Kayli.Clifford@fmglaw.com>
**Sent:** Wednesday, October 14, 2026 4:59 PM
**To:** S. Nathan Park <npark@kfc.law>; Sarah Malik <smalik@kfc.law>
**Cc:** Fredrick A. Hagen <Fred.Hagen@fmglaw.com>; Emily F. Cabral <Emily.Cabral@fmglaw.com>
**Subject:** RE: Joint Discovery Letter Submission Pursuant to Judge Tigar's Standing Order

[External]
Nathan,

We do not agree to modify the parties' prior stipulation or the deadlines the parties expressly agreed to.

As a reminder, the stipulation your office reviewed and countersigned was not an agreement to defer discovery indefinitely pending resolution of the Rule 56(d) motion or KDIC's summary judgment motion. Rather, the parties expressly stipulated to **"extend the current discovery deadlines, including the deadline for any dispositive motion hearing, by sixty (60) days."**

The stipulated schedule specifically provided the following dates:

Expert disclosures: **September 15, 2026**
Expert rebuttal: **October 6, 2026**
Fact discovery cut-off: **October 13, 2026**
Expert discovery cut-off: **November 3, 2026**
Dispositive motion hearing deadline: **December 15, 2026**

The agreement stated that discovery would proceed and be completed within the stipulated schedule so that the parties could thereafter prepare their dispositive motion practice; it did not provide that KDIC could withhold substantive discovery until the Court ruled on the pending motions. We therefore intend to proceed based on the agreement the parties actually reached and memorialized in the stipulation attached.

Best regards,

**Kayli Clifford**
Attorney at Law
**Freeman Mathis & Gary, LLP**
**1850 Mt Diablo Blvd | Suite 510 | Walnut Creek, CA 94596**
**Tel: 925-435-1367 | Cell: 808-258-7916**
Email: Kayli.Clifford@fmglaw.com
www.fmglaw.com | See Where We Are

FMG LAW Freeman Mathis & Gary LLP When It Counts

Please read this important notice and confidentiality statement

---

**From:** S. Nathan Park <npark@kfc.law>
**Sent:** Wednesday, October 14, 2026 11:31 AM
**To:** Kayli Clifford <Kayli.Clifford@fmglaw.com>; Sarah Malik <smalik@kfc.law>
**Cc:** Fredrick A. Hagen <Fred.Hagen@fmglaw.com>; Emily F. Cabral <Emily.Cabral@fmglaw.com>
**Subject:** RE: Joint Discovery Letter Submission Pursuant to Judge Tigar's Standing Order

Counsel – I thought parties already agreed to stipulate to continue all discovery deadlines and Defendant's deadline for summary judgment motion until after the adjudication of Plaintiff's summary judgment motion and Defendant's Rule 56(d) motion? If Defendant is reneging on this agreement, please explain why. Thank you.

S. Nathan Park | Partner | KF & C
t: (917) 909-6332 | c: (917) 796-6144 | e: npark@kfc.law | www.kfc.law

---

**From:** Kayli Clifford <Kayli.Clifford@fmglaw.com>
**Sent:** Wednesday, October 14, 2026 1:24 AM
**To:** S. Nathan Park <npark@kfc.law>; Sarah Malik <smalik@kfc.law>
**Cc:** Fredrick A. Hagen <Fred.Hagen@fmglaw.com>; Emily F. Cabral <Emily.Cabral@fmglaw.com>
**Subject:** Joint Discovery Letter Submission Pursuant to Judge Tigar's Standing Order

[External]
Counsel,

Attached please find the parties' Joint Discovery Letter regarding the dispute over Plaintiff's responses to Defendant Henry Cho's written discovery.

Defendant has made multiple efforts to resolve this issue through the meet-and-confer process. For example, Defendant proposed dates for KDIC to provide substantive responses, suggested corresponding extensions of discovery deadlines, and attempted to coordinate deposition scheduling in a manner that would avoid motion practice. KDIC, however, repeatedly adhered to its position that it would withhold substantive discovery responses until after the Court ruled on the pending Rule 56(d) and summary judgment proceedings.

Judge Tigar's Standing Order provides that a party may not file a discovery motion without leave of court and requires the parties to first meet and confer in good faith. If the parties are unable to resolve the dispute, they must submit a joint letter brief describing the disputed issues.

Please review the attached draft and provide additions to Plaintiff's position section, or confirmation that KDIC agrees to proceed with filing. Absent further revisions, Defendant intends to submit the joint letter in accordance with the Court's standing order and the Northern District's discovery-dispute procedures.

Best regards,

**Kayli Clifford**
Attorney at Law
**Freeman Mathis & Gary, LLP**
**1850 Mt Diablo Blvd | Suite 510 | Walnut Creek, CA 94596**
**Tel: 925-435-1367 | Cell: 808-258-7916**
Email: Kayli.Clifford@fmglaw.com
www.fmglaw.com | See Where We Are

FMG LAW Freeman Mathis & Gary LLP When It Counts

Please read this important notice and confidentiality statement